UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TOWNHOMES OF POHL CREEK HOA, | Case No. 25-cv-2239 (LMP/DJF) |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

Alexander M. Jadin, Anna S. Kuehn, and Bradley K. Hammond, **Smith Jadin Johnson, PLLC, Bloomington, MN**, for Plaintiff.

Daniel W. Berglund, **Grotefeld Hoffmann LLP, Minneapolis, MN**, for Defendant.

Plaintiff Townhomes of Pohl Creek HOA ("Pohl Creek") alleges that Defendant State Auto Property and Casualty Insurance Company ("State Auto") wrongfully withheld insurance payments. *See generally* ECF No. 24. Pohl Creek brings claims for breach of contract, unjust enrichment, and promissory estoppel, and seeks a declaratory judgment that its insurance policy requires State Auto to pay the insurance proceeds. *Id.* ¶¶ 28–46. State Auto moves to dismiss, arguing that the complaint is untimely and meritless. ECF Nos. 25, 27. Because the timeliness question requires further factual development, the Court denies the motion to dismiss Pohl Creek's breach-of-contract claim. But because Pohl Creek has abandoned its unjust-enrichment and promissory-estoppel claims, the Court grants State Auto's motion to dismiss as to those claims. And because Pohl Creek's

declaratory judgment claim is duplicative of its breach-of-contract claim, the Court dismisses that claim as well.

## BACKGROUND

Pohl Creek is a homeowner's association responsible for property in Mankato, Minnesota. ECF No. 24 ¶ 1. In 2022, Pohl Creek had a property damage insurance policy (the "Policy") with State Auto. *Id.* ¶ 6. On April 12, 2022, Pohl Creek's property sustained hail damage, for which it submitted a claim to State Auto. *Id.* ¶¶ 7–8. The parties disagreed on the amount to be paid and submitted the issue for an appraisal. *Id.* ¶¶ 9–12. On October 27, 2023, the appraisal panel awarded an actual cash value of $50,229.00 and a replacement cost value of $308,974.00. *Id.* ¶ 13.

On November 8, 2023, State Auto "confirmed its intention to pay depreciation for costs" if Pohl Creek "provide(s) proof of payment(s) made to the contractor that performs the repairs to [its] building." *Id.* ¶ 14. On December 15, 2023, Pohl Creek informed State Auto that it intended to seek the replacement cost value. *Id.* ¶ 15. Three days later, State Auto "reconfirmed its agreement to pay depreciation upon completion of repairs" if Pohl Creek "show[ed] the incurred expenses once this information becomes available." *Id.* ¶ 16.

Under the Policy, Pohl Creek was required to file suit against State Auto "within 2 years after the date on which the direct physical loss or damage occurred." ECF No. 8-1 at 74. That meant that any lawsuit against State Auto related to the hail damage at Pohl Creek's property had to be brought by April 12, 2024. However, on March 15, 2024, the parties entered a tolling agreement that extended the deadline to commence litigation under the Policy from April 12, 2024, to October 9, 2024. *Id.* ¶ 18.

2

Work was completed on September 5, 2024, and Pohl Creek received an initial invoice from a contractor on the same day with a balance of $214,110.53 after having subtracted Pohl Creek's $30,000 deductible and $48,537.57 payment. *Id.* ¶¶ 22–23. On January 15, 2025, Pohl Creek received an amended invoice with a revised balance of $242,409.00, which accounted for the same deductible and initial payment. *Id.* ¶ 24. On March 25, 2025, Pohl Creek sent the amended invoice to State Auto and requested payment. *Id.* ¶ 25. The next day, Pohl Creek sent both the first invoice and the amended invoice. *Id.* ¶ 26. To date, State Auto has not paid Pohl Creek. *Id.* ¶ 27.

Pohl Creek alleges that State Auto's failure to pay the replacement cost value violates the Policy and constitutes breach of contract, unjust enrichment, or promissory estoppel. *Id.* ¶¶ 28–46. Pohl Creek further seeks a declaratory judgment that "the Policy requires that Defendant pay insurance proceeds in a timely manner to the Plaintiff." *Id.* ¶ 36. State Auto moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing primarily that the lawsuit is untimely. ECF No. 25. In support, State Auto acknowledges that the parties agreed to extend the deadline to October 9, 2024, but argues that because the lawsuit was not filed until May 27, 2025, it is untimely. ECF No. 27 at 4. State Auto alternatively argues that the Court should dismiss Pohl Creek's claims for unjust enrichment because the dispute is governed entirely by the contract at issue or otherwise fails as a matter of law, *id.* at 8–9, and that the promissory-estoppel claim fails as a matter of law, *id.* at 9–12.

In response, Pohl Creek argues that the litigation deadline is unenforceable because it is unreasonably short, that State Auto waived the deadline through its actions, and that

State Auto should be estopped from asserting the deadline as a defense. ECF No. 31 at 7–13. Pohl Creek did not respond or otherwise acknowledge State Auto's argument that the unjust-enrichment and promissory-estoppel claims are meritless.

## ANALYSIS

In a diversity suit[1] involving state-law claims, the Court must apply "federal pleading standards—Rules 8 and 12(b)(6)—to the state substantive law to determine if a complaint makes out a claim under state law." *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court "accept[s] as true all factual allegations in the complaint and draw[s] all reasonable inferences in favor of the nonmoving party," and may consider both the complaint and documents "necessarily embraced by the complaint." *Gorog v. Best Buy Co.*, 760 F.3d 787, 791–92 (8th Cir. 2014) (internal quotation marks omitted) (citation omitted). The complaint "need not set forth detailed factual allegations, or specific facts that describe the evidence to be presented," but it still "must include sufficient factual allegations to provide the grounds on which the claim rests." *Warmington v. Bd. of Regents*

---

[1] Pohl Creek is a Minnesota "non-profit common interest community," State Auto is incorporated in Iowa and has its principal place of business in Massachusetts, and Pohl Creek seeks damages in excess of $75,000. ECF No. 1 ¶¶ 1–3. All the requirements for diversity jurisdiction are therefore satisfied. 28 U.S.C. § 1332(a)(1).

*of Univ. of Minn.*, 998 F.3d 789, 795–96 (8th Cir. 2021) (internal quotation marks omitted) (citation omitted).

I.      **Timeliness of the Complaint**

State Auto argues that Pohl Creek is prohibited from bringing this lawsuit because Pohl Creek waited until after the contractually agreed deadline to do so. ECF No. 27 at 6–8. That's a fair argument to make, but it is premature.

"[T]he possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense."[2] *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (citation omitted). This is, in large part, because a plaintiff "need not plead facts responsive to an affirmative defense before it is raised." *Braden v. Wal-Mart Stores Inc.*, 588 F.3d 585, 601 n.10 (8th Cir. 2009). And at this stage, the Court may only consider the complaint itself and any materials "necessarily embraced by the complaint," which include the Policy and the tolling agreement attached to State Auto's motion to dismiss. *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004) (citation omitted).

---

[2]    Although the defense here is not that a relevant *statute* of limitations makes Pohl Creek's lawsuit untimely, but instead that a contractual provision makes it untimely, courts routinely equate the two for purposes of evaluating the sufficiency of a pleading. *Ray v. FedEx Corp. Servs., Inc.*, 668 F. Supp. 2d 1063, 1066 (W.D. Tenn. 2009) ("Rule 8 does not create a distinction between a statute of limitations defense and a defendant's assertion that a plaintiff's complaint is contractually time-barred."). Indeed, there is "no compelling difference" between them. *Child.'s Mem'l Hosp. v. Wilbert, Inc. Health Plan*, 733 F. Supp. 2d 961, 963 (N.D. Ill. 2010).

In Minnesota, an insurance policy's contractual time limit to the filing of a lawsuit is permissible but will only be enforced if "the limitation is not unreasonably short." *Henning Nelson Constr. Co. v. Fireman's Fund Am. Life Ins. Co.*, 383 N.W.2d 645, 650 (Minn. 1986) (citation omitted). Reasonableness is "decided on a case-by-case basis, looking at the particular facts of each case," *id.* at 651, meaning "what is acceptable in one case may be objectionable in another," *Peggy Rose Revocable Tr. v. Eppich*, 640 N.W.2d 601, 606 (Minn. 2002) (citation omitted). A court might consider, for instance, "the amount of time remaining under the limitations clause after the insurer denies a claim," "whether additional information was needed for the insured's cause of action to mature," or "whether the parties held equal bargaining power in negotiating the contract," *Michael Foods, Inc. v. Allianz Ins. Co.*, No. 02-cv-3504 (JMR/FLN), 2003 WL 1956294, at *2 (D. Minn. Apr. 21, 2003) (citations omitted).

Further, even if such a time limitation is otherwise reasonable, a party may be estopped from asserting it if the facts show that it would be "unjust, inequitable, or unconscionable to allow the defense to be interposed." *L & H Transp., Inc. v. Drew Agency, Inc.*, 403 N.W.2d 223, 227 (Minn. 1987) (citation omitted). Like the timeliness inquiry, the estoppel inquiry is case-specific, and a court might consider the parties' dealings to determine whether the insurer was at fault for causing the untimeliness or whether the insurer led the insured to believe that it would not assert timeliness as a defense. *See, e.g.*, *Harmony E. Condo. Ass'n v. Falls Lake Fire & Cas. Co.*, No. 24-cv-2048 (SRN/ECW), 2024 WL 5168333, at *6 (D. Minn. Dec. 19, 2024) (finding an insurer's conduct plausibly alleged waiver); *New Oil Christian Ctr. v. Guideone Mut. Ins. Co.*, No. 22-cv-2136

(MJD/ECW), 2025 WL 642914, at *5 (D. Minn. Feb. 27, 2025) (declining to apply litigation deadline where insurer was "at fault for much of the delay" because it "repeatedly denied any coverage for over a year, and it only agreed to appraisal after repeated requests").

Accordingly, for the Court to grant State Auto's motion, it must be apparent from the complaint itself that the time limit *was* reasonable and that State Auto *did not* contribute to the untimely filing.  See *Joyce*, 635 F.3d at 367; *Braden*, 588 F.3d at 601 n.10.  The complaint does not do this.  It appears that the parties tacitly agreed that the original two-year deadline in the Policy was unreasonable, given that State Auto and Pohl Creek had to extend the Policy's time limit because the repair work could not have been completed—and the claim would not have matured—until after that initial April 12, 2024 deadline had already passed.  *Michael Foods*, 2003 WL 1956294, at *2 ("Among the factors to be used in determining reasonableness is the amount of time remaining under the limitations clause *after the insurer denies a claim*." (emphasis added)); *Davies v. Waterstone Cap. Mgmt., L.P.*, 856 N.W.2d 711, 718–19 (Minn. Ct. App. 2014) (citation omitted) ("[A] limitations provision that requires the plaintiff to bring an action before any loss can be ascertained is per se unreasonable.").

Moreover, that the work was not ultimately completed until September 5, 2024, a month before the extended deadline of October 9, 2024, suggests that even the extended deadline may have been unreasonable.  After all, Pohl Creek's lawsuit could not have been filed until State Auto *denied* Pohl Creek's claim.  See *Michael Foods*, 2003 WL 1956294, at *2; *Davies*, 856 N.W.2d at 718–19.  This means that the October 9 deadline would be

7

reasonable only if the Court can conclude that Pohl Creek could have submitted its claim, had the claim denied, and prepared and filed a lawsuit—all within one month. *Davies*, 856 N.W.2d 711 at 718–19 (citation omitted) (noting that a limitations period is reasonable if "(1) the claimant has sufficient opportunity to investigate and file an action, (2) the time is not so short as to work a practical abrogation of the right of action, and (3) the action is not barred before the loss or damage can be ascertained"). The Court cannot say that amount of time is reasonable without further factual development. *See, e.g.*, *Harmony E. Condo.*, 2024 WL 5168333, at *5 (citing cases where courts found that three to six months between claim denial and litigation deadline was sufficient to show reasonableness).

That is not to say that the time-period was definitively unreasonable, either. The Court questions why, for instance, Pohl Creek did not demand payment from State Auto until March 2025, despite having received an invoice in September 2024. *See* ECF No. 24 ¶¶ 22, 25. But "a likelihood, even a high one, that claims are untimely is not enough to make it 'clear' that they are," and "[t]o hold otherwise would improperly shift the pleading burden for an affirmative defense from the defendant to the plaintiff." *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 153 (2d Cir. 2024). Consequently, "[a]lthough there are facts" that support State Auto's position, "considering that reasonableness is a fact-intensive inquiry, it would be inappropriate to dismiss [Pohl

8

Creek's] unreasonableness claim at the pleadings stage—it will require a full factual record for resolution." *Harmony E. Condo.*, 2024 WL 5168333, at *6.[3]

## II. Unjust Enrichment and Promissory Estoppel

State Auto alternatively moves to dismiss Pohl Creek's unjust-enrichment and promissory-estoppel claims. ECF No. 27 at 8–12. Pohl Creek did not respond to the merits of State Auto's arguments in writing or at the hearing on the motion to dismiss, which "permits an inference of acquiescence to the moving party's arguments and acts as a forfeiture of the claim." *Taaffe v. Am. Fed'n of Gov't Emps., Local 1969*, No. 23-cv-2037 (WMW/TNL), 2024 WL 363754, at *3 (D. Minn. Jan. 31, 2024) (quoting *Demien Constr. Co. v. O'Fallon Fire Prot. Dist.*, 812 F.3d 654, 657 (8th Cir. 2016)).

Nevertheless, Pohl Creek stated at the hearing that it did not intend to concede or abandon its unjust-enrichment and promissory-estoppel claims and asked the Court to deny State Auto's motion. That is not how Rule 12 motions work. The point of a Rule 12(b)(6) motion is to test the adequacy of a plaintiff's legal allegations and to certify only those claims with plausible merit for discovery. *Triemert v. Washington Cnty.*, No. 13-cv-1312 (PJS/JSM), 2013 WL 6729260, at *1 (D. Minn. Dec. 19, 2013) (quoting *Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013)) ("'[D]ismissal under Rule 12(b)(6) helps protect defendants from expending resources on costly discovery' that is likely to be futile."). Permitting Pohl Creek to subject State Auto to discovery on the unjust-

---

[3] The same is true regarding necessary factual development on Pohl Creek's waiver and estoppel arguments on the breach-of-contract claim. ECF No. 31 at 10–13.

enrichment and promissory-estoppel claims would be prejudicial to State Auto by making it engage in discovery on claims that Pohl Creek itself considered unworthy of defending.

In fact, the Court finds the forfeiture rule particularly warranted here. Pohl Creek's complaint was initially filed in this Court on May 27, 2025, bringing claims for breach of contract and unjust enrichment. ECF No. 1-1. State Auto filed a motion to dismiss arguing that both claims should be dismissed. ECF No. 7. In response, Pohl Creek provided argument on *only* the breach-of-contract claim, failing entirely to mention its unjust-enrichment claim. *See generally* ECF No. 15. Two weeks later, Pohl Creek amended its complaint to add a claim for promissory estoppel. ECF No. 24. State Auto then filed the present motion to dismiss, arguing that all three claims should be dismissed. ECF No. 25. But Pohl Creek presented no response to State Auto's arguments on the unjust-enrichment and promissory-estoppel claims. *See generally* ECF No. 31. Nor did Pohl Creek provide any explanation to the Court for why it did not brief the issues. The Court is entirely unsure why Pohl Creek thought it necessary to amend its complaint to add a claim that it then immediately abandoned. But actions speak louder than words, and Pohl Creek's apparent disregard for its unjust-enrichment claim (which it has effectively abandoned twice) and its promissory-estoppel claim, for which it provided no written or oral defense, is enough to find that Pohl Creek has abandoned those claims. The Court therefore dismisses them.

### III. Declaratory Judgment

Neither party explicitly addresses Pohl Creek's declaratory-judgment claim. Nevertheless, the Court dismisses it as duplicative of the breach-of-contract claim. Pohl Creek asserts that it is entitled to a declaratory judgment that "the Policy requires that

Defendant pay insurance proceeds in a timely manner to the Plaintiff." ECF No. 1 ¶ 36. That is precisely what the breach-of-contract claim demands as well, *id.* ¶ 30, and "[w]here a party's declaratory judgment claim is purely duplicative of its breach of contract claim, the declaratory judgment claim may be properly dismissed." *MidCountry Bank v. Rajchenbach*, No. 15-cv-3683 (SRN/TNL), 2016 WL 3064066, at *3 (D. Minn. May 31, 2016); *MASTR Asset Backed Sec. Tr. 2006-HE3 ex rel. U.S. Bank Nat'l Ass'n v. WMC Mortg., LLC*, 983 F. Supp. 2d 1104, 1116 (D. Minn. 2013) ("When a request for a declaratory judgment alleges . . . duties and obligations under the terms of a contract and asks the court to declare those terms breached, it is nothing more than a petition claiming breach of contract.") (citation omitted); *Manderson as Tr. of I.B.E.W. 292 Health Care Plan v. Fairview Health Servs.*, No. 21-cv-1797 (JRT/TNL), 2022 WL 2442233, at *11 (D. Minn. July 5, 2022) ("The declaratory judgment remedy is intended to settle an actual controversy *before* there is a breach of a contractual duty.") (citation omitted).

## CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that State Auto's Motion to Dismiss (ECF No. 25) is **GRANTED IN PART AND DENIED IN PART**, as follows:

1. State Auto's Motion to Dismiss Pohl Creek's claim for breach of contract (Count I) is **DENIED**; and

2. State Auto's Motion to Dismiss Pohl Creek's claims for declaratory judgment (Count II), unjust enrichment (Count III), and promissory estoppel (Count IV)

is **GRANTED** and Counts II, III, and IV are **DISMISSED WITHOUT PREJUDICE**.

Dated: October 7, 2025                    *s/Laura M. Provinzino*
                                          Laura M. Provinzino
                                          United States District Judge